BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re: American Medical Collection Agency        MDL No.: 2904 ____
Data Breach Litigation
_____/

**INTERSTED PARTY'S RESPONSE IN PARTIAL OPPOSITION TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Interested Party, Traci Julin,[1] (hereinafter, "Interest Plaintiff"), files this response in partial opposition to the Motion for Transfer for Coordinated or Consolidated Pretrial Proceedings (ECF No. 1). The multiple defendants, and variety of information impacted depending on the defendant at issue, counsel against centralization of all matters sought to be centralized here. Rather, the better course is the creation of defendant specific MDLs—one for Quest, one for LabCorp., and perhaps others should the need arise. Under that scenario, Interested Plaintiff seeks centralization of the Quest related cases in the District of New Jersey—where Quest is based and where Interested Plaintiff's case is filed.

**I.     Background**

Interested Plaintiff initially filed this case against Defendants Quest Diagnostics Inc., Optum360, LLC ("Optum") and American Medical Collection Agency, Inc. ("AMCA"), following Quest's June 3, 2019, public announcement that approximately two weeks earlier, on May 14, 2019, its billing collections vendor, AMCA, advised Quest of unauthorized activity on AMCA's web payment page that compromised the personally identifying information (PII) and personal health information (PHI) of approximately 11.9 million Quest patients. The release stated further that a broad array of sensitive PII was exposed including "financial information (e.g., credit

---

[1] *Julin v. Quest Diagnostics Inc., et al.*, Case No. 2:19-cv-13446 (D. N.J.).

card numbers and bank account information), medical information and other personal information (e.g., Social Security Numbers)."[2]

The announcement resulted in multiple cases being filed against Quest, Optum, and AMCA, and prompted the instant petition.

However, the intrusion affected other AMCA clients as well. On June 4, 2019, Laboratory Corporation of America Holdings ("LabCorp") publicly announced that as many as 7.7 million of its customers whose data was stored with AMCA were impacted. The fields of data impacted, though, were different: According to LabCorp, the pilfered PII consisted of customers' "first and last name, date of birth, address, phone, date of service, provider, and balance information. [The][] affected system also included credit card or bank account information that was provided by the consumer to AMCA (for those who sought to pay their balance)."[3]

Reports indicate that other potentially impacted AMCA clients include BioReference Laboratories (Opko Health subsidiary, 422,600 patients), Carecentrix (500,000 patients), and Sunrise Laboratories (undisclosed number of patients).[4]

Notably, while the facts underlying the intrusion at AMCA will be important, they will not be the sole focus of this case. Equally important will be the processes and protections Quest put in place in choosing AMCA, in disclosing PII and PHI to AMCA—and why PHI was ever disclosed to AMCA—and whether the breach implicated Quest's own systems, amongst other Quest-

---

[2] June 3, 2019 Press Release, *Quest Diagnostics Statement on the AMCA Data Security Incident,* available at  http://newsroom.questdiagnostics.com/AMCADataSecurityIncident (last visited June 5, 2019).

[3] LabCorp, Form 8-K, June 4, 2019 available at https://www.sec.gov/Archives/edgar/data/920148/000119312519165091/d757830d8k.htm (last visited June 23, 2019).

[4] Catalin Cimpanu, *AMCA Data Breach Has Now Gone Over The 20 Million Mark*, ZDNet.com (June 14, 2019), *available at* https://www.zdnet.com/article/amca-data-breach-has-now-gone-over-the-20-million-mark/

focused topics. And these same AMCA client-specific inquiries will be made in the cases involving LabCorp and any other laboratory defendant; making these cases independent and greatly undermining the efficiency of a single MDL.

These differing sets of defendants, with differing sets of implicated data, counsel against a one-size-fits-all MDL.  Centralization of the cases involving Quest in New Jersey will stream line those proceedings while avoiding bogging this matter down amongst dozens of defendants and scores of attorneys.  For that reason, Interested Plaintiff opposes centralization of all cases involving AMCA, but supports centralization of the cases involving the breach of Quest's information in New Jersey.

## II. Centralization of All Matters is Not Appropriate

Transfer and coordinated proceedings are appropriate when: (i) actions involving one or more common questions of fact are pending in different districts, (ii) transfer and coordination will serve the convenience of the parties and witnesses, and (iii) transfer "will promote the just and efficient conduct" of the proceedings.  28 U.S.C. § 1407(a).  The multiple related actions involve distinct factual and legal issues concerning various swaths of defendants' culpability related to the intrusion.  Thus, transfer and coordination is inappropriate.

While certain of the factual questions at issue here are common, many more are not.  And where "[i]ndividual rather than common factual questions predominate regarding the liability aspects of the . . . actions," this Panel has denied centralization.  *In re Sears, Roebuck & Co. Empl. Practices Litig.*, 487 F. Supp. 1362, 1364 (J.P.M.L. 1980).  Thus, the question is not whether common questions exist, it is whether they will predominate. *See In re Rely Tampon Products Liab. Litig.*, 533 F. Supp. 1346, 1347 (J.P.M.L. 1982) ("Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common

questions of fact will predominate over individual questions of fact present in each action."). Here, they do not.

For example, discovery related to cases involving Quest will necessarily be distinct from discovery related to LabCorp's processes and procedures as related to AMCA. That discovery will not be subject to common resolution or coordination, yet will be the crucial to each Class's claims. For similar reasons, convenience would not be achieved by centralization either. For instance, Quest is based in New Jersey and LabCorp in North Carolina. Discovery relevant to each is likely to occur at or near their headquarters. Such variance in defendants should preclude centralization. *In re: Cordarone (Amiodarone Hydrochloride) Mktg., Sales Practices and Products Liab. Litig.*, 190 F. Supp. 3d 1346, 1347 (J.P.M.L. 2016) ("The variance in named defendants virtually ensures that a significant amount of the discovery will be defendant-specific, as do plaintiffs' allegations themselves.").

Thus, there is much more difference between the sets of cases seeking transfer here than similarity. Efficiency and convenience will be lost, not gained, by centralization. The motion should be denied.

### III.     CONCLUSION

Interested Plaintiff disagrees with movants that the Panel should centralize all AMCA-related actions here. Transfer and consolidation of all such actions would only decrease efficiency and convenience. Centralization of Quest-related cases in New Jersey, however, would promote efficiency and convenience.

Date:  June 27, 2019                                        Respectfully submitted,

                                                           */s/ John Yanchunis*
                                                           John Yanchunis
                                                           Florida Bar No. 324681
                                                           jyanchunis@forthepeople.com

Patrick A. Barthle II
Florida Bar No. 99286
pbarthle@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813) 223-5505

James A. Barry, Esq.
jbarry@lockslaw.com
**LOCKS LAW FIRM, LLC**
801 N. Kings Highway
Cherry Hill, NJ 08034
Tel: (856) 663-8200

Michael A. Galpern, Esq.
mgalpern@lawjw.com
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM AND SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Tel: (856) 596-4100

Jared Michael Lee, Esq.
Florida Bar #: 0052284
Jared@JacksonLeePA.com
**Jackson Lee | PA**
1991 Longwood Lake Mary Rd
Longwood, FL 32750
Tele: (407) 477-4401